JAMES CALLISON ET AL. V. WABASH RAILWAY COMPANY, Appellant.—
12 S. W. (2d) 451.

Division One, December 31, 1928.

———

N. S. Brown, Homer Hall, M. J. Lilly and Collet & Son for appellant.

796

*Hunter & Chamier* and *Lamb & Lamb* for respondents.

GENTRY, J.—This suit was instituted in the Circuit Court of Randolph County, where a trial resulted in judgment for plaintiffs for $600. Both sides appealed; the defendant claiming that plaintiffs were not entitled to judgment for any sum, and the plaintiffs

claiming that they were entitled to judgment for a greater sum. Both appeals were disposed of by the Kansas City Court of Appeals (Callison v. Wabash Railroad Co., 275 S. W. 965), the judgment against the defendant being affirmed, but the case reversed in behalf of the plaintiffs on account of certain adverse rulings by the trial court affecting the judgment in plaintiffs' favor. A second trial in the circuit court resulted in judgment for plaintiffs in the sum of $2500, and defendant has appealed.

As the case is fully and fairly stated in the opinion of the Court of Appeals, we will not burden this opinion with a restatement thereof. One error, doubtless due to a misunderstanding of the statement of counsel, appears in said opinion, the case did not originate in Chariton County but originated in Randolph County.

I. Counsel for the appellant take the position that this is an action involving title to real estate in Chariton County and that therefore suit should have been instituted in that county, citing Section 1179, Revised Statutes 1919, in support thereof. The wording of that section is as follows:

"Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of a lien for any special tax bill thereon, shall be brought in the county where such real estate or some part thereof, is situated."

When this cause was appealed to the Court of Appeals, the matter was presented to that court as an action to recover money, and not a suit in which the title to real estate was affected. Both sides so construed the case, and each side asked for and was granted an appeal to the Court of Appeals, well knowing that the Court of Appeals has no jurisdiction in suits affecting title to real estate. The case was argued and submitted to the Court of Appeals as an action against the Wabash Railroad Company (successor to the North Missouri Railroad Company) to recover the value of real estate appropriated by the defendant many years ago, for which it is alleged compensation was not made, and to recover damages to the remaining part of said land on account of the taking of the strip for defendant's right-of-way and the construction of its tracks thereon. Suit could, therefore, be brought in any county through which said road extended and where service could be had upon one of its officers or one of its agents in charge of the business at its station. This matter has been definitely settled by this court in an opinion written by RAGLAND, J., then Commissioner, and concurred in by all of this division. [Eighme v. Railroad, 238 S. W. 479.] This was evidently the view taken by counsel for defendant in the trial of this case, for in his opening statement counsel for defendant said: "I am frank to say to you gentlemen that under the ruling of the courts, your

verdict will have to be for the plaintiffs in some sum—there is no dispute about that. We recognize our obligation to pay, but we have been unable to agree on how much it should be." We have often said that parties are bound in this court by the position taken by them in the trial court, and certainly that rule should apply in the instant case. We, therefore, hold that the Court of Appeals was correct when it said: "This is an action brought to recover the value of land actually taken, and damages caused to the rest of the tract, by reason of the appropriation of the right-of-way and the building thereon of a line of railroad through said tract." [Callison v. Railroad, supra.]

II. As plaintiffs asked judgment in the sum of $2,999 and as the trial court awarded plaintiffs judgment in the sum of $2,500 we are without jurisdiction to hear this appeal. [R. S. 1919, sec. 2418.] It therefore becomes our duty to order that the case be transferred to the Kansas City Court of Appeals as provided by Section 2419, Revised Statutes 1919. It is so ordered. All concur.